48 So.3d 1034 (2010)
N.B., JR., Appellant,
v.
STATE of Florida, Appellee.
No. 2D09-1293.
District Court of Appeal of Florida, Second District.
December 10, 2010.
James Marion Moorman, Public Defender, and Maureen E. Surber, Assistant Public Defender, Bartow, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Susan D. Dunlevy, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
The trial court found that N.B., Jr., committed the offense of obstructing or opposing an officer without violence. Adjudication was withheld, and N.B. was placed on probation. The court reporter was unable to provide a transcript for use in N.B.'s appeal, and the parties were unable to reconstruct a record.
To obtain a new trial based on a missing transcript, a criminal defendant must show prejudice. See Jones v. State, 923 So.2d 486, 489 (Fla.2006) ("It is therefore clear that under our precedent, this Court requires that the defendant demonstrate that there is a basis for a claim that the missing transcript would reflect matters which prejudice the defendant."). In this case N.B. observes that, but for the lack of the transcript, he would argue that the trial court erred by denying his motion to dismiss for insufficient proof. Indeed, the denial of this motion was listed in the statement of judicial acts to be reviewed on appeal. We conclude that N.B. has shown prejudice because we are unable to review this issue without a transcript.
Reversed and remanded for a new adjudicatory hearing.
CASANUEVA, C.J., and KHOUZAM, J., Concur.